*Supp. 19 Opinion
KUMAR, J.
Cross-defendant and appellant Citibank, N.A., appeals from an order denying its motion to strike a cross-complaint made pursuant to Code of Civil Procedure section 425.16 (the anti-SLAPP statute).[1] In its opening brief, appellant contends the trial court erroneously denied its motion because the cross-complaint brought by respondent Alicia M. Tabalon constituted a strategic lawsuit against public participation (SLAPP). We invited the parties to file a supplemental brief addressing the issue of whether this court has jurisdiction to review a prejudgment mling on an anti-SLAPP motion in a limited civil case. Appellant has filed a supplemental brief taking the position that the order denying his motion is appealable pursuant to section 425.16, subdivision (i).
We hold the appellate division of the superior court does not have jurisdiction to review an order denying a prejudgment anti-SLAPP motion in a limited civil case. The legislative vehicle for appeals to the appellate division, i.e., section 904.2, does not specify that such orders are reviewable on direct appeal. Thus, we dismiss the appeal without deciding whether the trial court’s ruling was correct.

BACKGROUND

In response to appellant’s collections complaint, respondent filed a cross-complaint alleging appellant’s debt collection practices violated the Rosenthal Fair Debt Collection Practices Act (Civ. Code, § 1788 et seq.). Appellant moved to strike the cross-complaint under the anti-SLAPP statute. Appellant argued (1) the cross-complaint arose from protected speech and petitioning activity and (2) respondent could not demonstrate a probability of prevailing on the merits of her claim. The court denied appellant’s motion.

DISCUSSION

A. Appellate Jurisdiction
“[T]he appellate division of the superior court has appellate jurisdiction in causes prescribed by statute.” (Cal. Const., art. VI, § 11, subd. (b), italics added.) “ ‘The existence of an appealable judgment [or order] is a jurisdictional prerequisite to an appeal.’ [Citation.]” (Giorgianni v. Crowley (2011) 197 Cal.App.4th 1462, 1470 [129 Cal.Rptr.3d 546], quoting Jennings v. Marralle (1994) 8 Cal.4th 121, 126 [32 Cal.Rptr.2d 275, 876 P.2d 1074].) *Supp. 20 “ ‘ “[O]rders are appealable only when expressly made appealable by statute . . . , or when they are in effect final judgments.” ’ [Citation.]” (Koshak v. Malek (2011) 200 Cal.App.4th 1540, 1544-1545 [136 Cal.Rptr.3d 1], quoting County of San Diego v. Arzaga (2007) 152 Cal.App.4th 1336, 1343-1344 [62 Cal.Rptr.3d 329].) “ ‘Because the Legislature has complete control over the right to appeal, it can restrict, change, withhold or even abolish that right.’ [Citation.]” (Garau v. Torrance Unified School Dist. (2006) 137 Cal.App.4th 192, 198 [40 Cal.Rptr.3d 108], italics added.)
An order granting or denying a special motion to strike under the anti-SLAPP statute in a general civil case is immediately appealable “under Section 904.1.” (§ 425.16, subd. (i).) Section 904.1 states, “An appeal, other than in a limited civil case, is to the court of appeal” (§ 904.1, subd. (a), italics added), and may be taken from an order granting or denying a special motion to strike under section 425.16 (§ 904.1, subd. (a)(13)).
Appellate jurisdiction over judgments and orders in limited civil cases is governed by section 904.2. That provision provides a laundry list of appealable judgments and orders in limited civil cases and specifies that those appeals are to the appellate division of the superior court. Absent from this list is prejudgment review from an order granting or denying a motion to strike under section 425.16. (See § 904.2.)
B. Statutory Analysis
The interpretation of a statute and its application to undisputed facts is a question of law which we review de novo. (State Water Resources Control Bd. Cases (2006) 136 Cal.App.4th 674, 722 [39 Cal.Rptr.3d 189].) “In doing so, ‘it is well settled that we must look first to the words of the statute, “because they generally provide the most reliable indicator of legislative intent.” [Citation.] . . . “If there is no ambiguity in the language, we presume the Legislature meant what it said and the plain meaning of the statute governs.” [Citations.] In reading statutes, we are mindful that words are to be given their plain and commonsense meaning. [Citation.]’ [Citation.]” (Pineda v. Bank of America, N.A. (2010) 50 Cal.4th 1389, 1394 [117 Cal.Rptr.3d 377, 241 P.3d 870].) “We are required to construe statutory language in context, considering the nature and purpose of the statutory enactment [citation], and to harmonize its provisions to the extent possible. [Citation.]” (Goodman v. Williams (2003) 107 Cal.App.4th 294, 300-301 [132 Cal.Rptr.2d 106].)
“We presume the Legislature intended everything in a statutory scheme, and we do not read statutes to omit expressed language or to include omitted language. [Citation.] When ‘ “ ‘ “a statute on a particular subject *Supp. 21 omits a particular provision, the inclusion of such a provision in another statute concerning a related matter indicates an intent that the provision is not applicable to the statute from which it was omitted.” ’ ” ’ [Citation.]” (Tyrone W. v. Superior Court (2007) 151 Cal.App.4th 839, 850 [60 Cal.Rptr.3d 486].)
Guided by these principles, we presume the Legislature intentionally excluded interlocutory appeal from an order granting or denying an antiSLAPP motion in a limited civil case because it expressly included this language in the related statute governing unlimited civil appeals. (See Tyrone W. v. Superior Court, supra, 151 Cal.App.4th at p. 850; see also Katie V. v. Superior Court (2005) 130 Cal.App.4th 586, 595 [30 Cal.Rptr.3d 320].) In fact, the Legislature specifically excluded the following orders and judgments from being appealable pursuant to section 904.2 while expressly including them in section 904.1: an interlocutory judgment in an action for partition (§ 904.1, subd. (a)(9)); an interlocutory judgment directing payment of monetary sanctions (§904.1, subd. (a)(ll)); and an order directing payment of monetary sanctions (§ 904.1, subds. (a)(12) & (b)).
The discrepancies between sections 904.1 and 904.2 demonstrate the Legislature’s intent to prohibit appeals in certain limited civil cases yet allow those appeals if the civil case is one of general jurisdiction. (See Shaw v. McMahon (1987) 197 Cal.App.3d 417, 425 [243 Cal.Rptr. 26].) “ “ ‘[Whatever may be thought of he wisdom, expediency, or policy of he act’ ” ’ [citation], we have no power to rewrite the statute to make it conform to a presumed intention that is not expressed. [Citations.]” (County of Santa Clara v. Perry (1998) 18 Cal.4th 435, 446 [75 Cal.Rptr.2d 738, 956 R2d 1191].) It is the prerogative of the Legislature, not the courts, to correct any flaws in a statutory scheme. (See Neighbours v. Buzz Oates Enterprises (1990) 217 Cal.App.3d 325, 334 [265 Cal.Rptr. 788]; see also Shaw v. McMahon, supra, 197 Cal.App.3d at p. 426.)
Based on he plain and logical reading of he statutes, this court lacks jurisdiction to review he prejudgment order denying appellant’s anti-SLAPP motion. (See California Ins. Guarantee Assn. v. Workers’ Comp. Appeals Bd. (2004) 117 Cal.App.4th 350, 357 [12 Cal.Rptr.3d 12].) It is our duty to dismiss the appeal. (See Doe v. United States Swimming, Inc. (2011) 200 Cal.App.4th 1424, 1432 [133 Cal.Rptr.3d 465]; see also In re Javier G. (2005) 130 Cal.App.4th 1195, 1201 [30 Cal.Rptr.3d 837].)[2]

*Supp. 22
DISPOSITION

The appeal is dismissed. Respondent to recover her costs on appeal.
McKay, R J., and Ricciardulli, J., concurred.

 All further statutory references are to the Code of Civil Procedure unless otherwise specified.

 Appellant relies on Melbostad v. Fisher (2008) 165 Cal.App.4th 987 [81 Cal.Rptr.3d 354] (Melbostad) to support its position that “all orders denying anti-SLAPP motions are immediately appealable.” (Italics added.) However, appellant omits Melbostad’s qualifying language, *Supp. 22 i.e., that said orders are appealable “under section 904.1.” (Id. at p. 995, italics added.) As we have explained, section 904.1 expressly excludes review of orders in limited civil cases. (§ 904.1, subd. (a).)