Filed 11/7/18

CERTIFIED FOR PUBLICATION

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| 1550 LAUREL OWNER'S ASSOCIATION, INC., <br><br>     Petitioner, <br><br>     v. <br><br> APPELLATE DIVISION OF THE SUPERIOR COURT OF LOS ANGELES COUNTY, <br><br>     Respondent; <br><br> STEPHEN MUNSHI, <br><br>     Real Party in Interest. | B288091 <br><br> (Los Angeles County Super. Ct. Nos. BS170721/16K12189) |

    Petition for writ of mandate from an order of the Appellate Division of the Superior Court of California, County of Los Angeles.  Petition granted.

    Law Offices of Joseph C. Watson and Joseph C. Watson for Petitioner.

    Duane Morris and Michael L. Fox for Superior Court of California, County of Los Angeles, as Amicus Curiae on behalf of Petitioner.

No appearance for Respondent Appellate Division of the Superior Court of California, County of Los Angeles.

The Kneafsey Firm, Sean M. Kneafsey and Kurt A. Dreibholz for Real Party in Interest.

Law Office of Jon B. Eisenberg and Jon B. Eisenberg; Susan Brandt-Hawley, John A. Taylor, Michael G. Colantuono, Dennis A. Fischer, Robert S. Gerstein, Rex Heinke, Laurie J. Hepler, Robin B. Johansen, Robin Meadow and Richard A. Rothschild for California Academy of Appellate Lawyers as Amicus Curiae.

———————————

Petitioner 1550 Laurel Owner's Association, Inc. (the Association), the plaintiff below, seeks a writ of mandate directing the appellate division to vacate its order—which granted a petition for writ of mandate and directed the trial court to rule on the merits of a special motion to strike (Code Civ. Proc., § 425.16)[1] filed by defendant and real party in interest Stephen Munshi (Munshi)—and to enter a new and different order denying Munshi's petition for writ of mandate.

The essential issue presented is whether a special motion to strike may be brought in a limited civil case. Section 92 enumerates permissible pleadings and motions in limited civil cases. At subdivision (d), it provides that "[m]otions to strike are allowed *only on the ground* that the damages or relief sought are not supported by the allegations of the complaint." (Italics

---

[1]     All further statutory references are to the Code of Civil Procedure, unless otherwise specified. Also, all rule references are to the California Rules of Court.

2

added.)  A special motion to strike, or anti-SLAPP motion,[2] is one brought on the ground that the cause of action against the defendant arose from defendant's exercise of the constitutional right of petition or free speech in connection with a public issue so as to require the plaintiff to establish a probability of prevailing on the claim (§ 425.16, subd. (b)(1))—not "on the ground that the damages or relief sought are not supported by the allegations of the complaint."  (§ 92, subd. (d), hereafter, § 92(d).)  We conclude the restrictive language of section 92(d), which limits the type of motions to strike that may be brought in a limited civil case, precludes the filing of a special motion to strike in such a case.  Therefore, we grant the relief requested.

## FACTUAL AND PROCEDURAL BACKGROUND

In October 2016, the Association filed a limited civil case against Munshi for breach of a settlement agreement.

Munshi filed a special motion to strike pursuant to section 425.16, contending that the Association's claims arose out of his protected petitioning activity, and that the Association could not prevail on its claims.  In opposition, the Association contended, inter alia, that the special motion to strike violated section 92(d), which states that in a limited civil case, "[m]otions to strike are allowed only on the ground that the damages or relief sought are not supported by the allegations of the complaint."

The trial court denied Munshi's special motion to strike, concluding that a special motion to strike is not permitted in a limited civil case.

---

[2]      SLAPP is an acronym for " 'strategic lawsuit against public participation.' "  (*Baral v. Schnitt* (2016) 1 Cal.5th 376, 381, fn. 1 (*Baral*).)

3

Munshi challenged the trial court's order by way of a petition for writ of mandate to the appellate division of the superior court. The appellate division granted the petition, concluding that section 92(d) does not bar a defendant in a limited civil case from moving to strike a cause of action pursuant to section 425.16. The appellate division directed the trial court to vacate its order and to rule on the merits of Munshi's special motion to strike.

The Association then petitioned this court for a writ of mandate directing the appellate division to vacate its order. On April 10, 2018, we ordered a stay of trial court proceedings and issued an order to show cause why the Association's petition should not be granted.[3]

---

[3] On February 9, 2018, the appellate division forwarded its decision to this court to decide whether to order the case transferred to the Court of Appeal on our own motion pursuant to rule 8.887(c)(2)(B), and on March 21, 2018, the superior court petitioned this court to transfer the matter from the appellate division pursuant to rule 8.1006.

We did not order transfer, either on our own motion or on the superior court's petition for transfer, and thus the request for transfer is deemed denied. (Rule 8.1008(a)(3) ["If the Court of Appeal does not timely order transfer, transfer is deemed denied."].) We therefore need not address the argument of amicus curiae California Academy of Appellate Lawyers that the Court of Appeal may order transfer after a decision of the appellate division in a writ proceeding. We also do not address whether the superior court's transfer petition should be deemed a petition for writ of mandate, or whether it is proper for the superior court to seek writ relief in this case. (See *Steen v. Appellate Division of Superior Court* (2014) 59 Cal.4th 1045,

4

**DISCUSSION**

The sole issue before us is whether a special motion to strike may be brought in a limited civil case.

**I.**

**Principles of Statutory Interpretation;
Standard of Review**

In determining whether special motions to strike are cognizable in limited civil cases, we apply well-established rules of statutory interpretation. " 'As in any case involving statutory interpretation, our fundamental task here is to determine the Legislature's intent so as to effectuate the law's purpose.' (*People v. Murphy* (2001) 25 Cal.4th 136, 142.) We begin by examining the statutory language because the words of a statute are generally the most reliable indicator of legislative intent. (*People v. Watson* (2007) 42 Cal.4th 822, 828; *Hsu v. Abbara* (1995) 9 Cal.4th 863, 871.) We give the words of the statute their ordinary and usual meaning and view them in their statutory context. (*People v. Watson, supra*, at p. 828.) We harmonize the various parts of the enactment by considering them in the context of the statutory framework as a whole. (*People v. Cole* (2006) 38 Cal.4th 964, 975; *Cummins, Inc. v. Superior Court* (2005) 36 Cal.4th 478, 487.) 'If the statute's text evinces an unmistakable plain meaning, we need go no further.' (*Beal Bank, SSB v. Arter & Hadden, LLP* (2007) 42 Cal.4th 503, 508.)" (*In re C.H.* (2011) 53 Cal.4th 94, 100.) " 'Ultimately we choose the construction that comports most closely with the apparent intent of the lawmakers, with a view to promoting rather than defeating the general purpose of the statute.' (*Allen v. Sully-Miller*

---

1050, fn. 1; *Municipal Court v. Superior Court (Gonzalez)* (1993) 5 Cal.4th 1126, 1129.)

*Contracting Co.* (2002) 28 Cal.4th 222, 227.)" (*Shorts v. Superior Court* (2018) 24 Cal.App.5th 709, 720.)

The meaning and construction of a statute is a question of law, which we examine de novo. (*People ex rel. Lockyer v. Shamrock Foods Co.* (2000) 24 Cal.4th 415, 432; *Nist v. Hall* (2018) 24 Cal.App.5th 40, 45.)

## II.

## A Complaint in a Limited Civil Case Is Not Subject to a Special Motion to Strike

### A. *Overview of Procedural Rules Governing Limited Civil Cases*

A limited civil case includes "[a] case at law in which the demand, exclusive of interest, or the value of the property in controversy amounts to twenty-five thousand dollars ($25,000) or less." (§ 86, subd. (a)(1).)[4] An unlimited civil case is "[a] civil action or proceeding other than a limited civil case." (§ 88.)

Limited civil cases are governed by the rules of civil procedure generally applicable to all civil actions (§ 90), "[e]*xcept as otherwise provided*" by sections 90–100. (§ 91, subd. (a), italics added.) These sections generally streamline the litigation process by, inter alia, limiting permissible pleadings and motions (§ 92), limiting pretrial discovery (§ 94), and permitting the presentation of evidence by affidavits or declarations in lieu of live testimony (§ 98).

---

[4] The superior court has original jurisdiction of limited civil cases, but these cases are governed by economic litigation procedures and other procedural distinctions that were applicable to these cases in the former municipal court. (*People v. Witcraft* (2011) 201 Cal.App.4th 659, 665, fn. 7.)

6

As relevant to the present petition, section 92 limits the pleadings and motions that are allowed in limited civil cases. It provides:

"(a)　The pleadings allowed are complaints, answers, cross-complaints, answers to cross-complaints and general demurrers.

"(b)　The answer need not be verified, even if the complaint or cross-complaint is verified.

"(c)　Special demurrers are not allowed.

"(d)　*Motions to strike are allowed only on the ground that the damages or relief sought are not supported by the allegations of the complaint.*

"(e)　Except as limited by this section, *all other motions are permitted.*"　(Italics added.)

B.　*The Appellate Division's Analysis of Section 92(d)*

The issue before us turns on the interpretation of section 92(d), and specifically whether a special motion to strike brought pursuant to section 425.16 is a "motion to strike" within the meaning of section 92(d).

The appellate division concluded: "In subdivision (a) of the anti-SLAPP statute, the Legislature expressed its intent to curb a 'disturbing increase in lawsuits' brought to chill First Amendment rights and rights to petition. In that same provision, it mandated the anti-SLAPP legislation be 'construed broadly' to serve this purpose. Given this compelling language, and the absence of anti-SLAPP statutes when section 92 was passed, we harmonize the provisions and hold that section 92 does not bar a defendant to a limited civil complaint from moving to strike a cause of action on the ground that it violates section 425.16."

7

The appellate division reasoned that special motions to strike under section 425.16 are permitted in limited civil cases because such motions are *not* "motions to strike" within the meaning of section 92(d). The appellate division found that "motions to strike" as used in section 92(d) are only those motions described by section 435 et seq., which " 'challenge[ ] the legal sufficiency of the complaint's allegations.' " It found that, unlike traditional motions to strike under section 435 et seq., special motions to strike under section 425.16 are *not* motions to strike because they "do[] not simply challenge the sufficiency of an underlying complaint," but instead " 'like a summary judgment motion, pierce[] the pleadings and require[] an evidentiary showing.' " The appellate division therefore concluded that there could be "no reason to presume the 'motions to strike' referenced in section 92 include anti-SLAPP motions."

The appellate division properly recognized that there are significant differences between the motions permitted by sections 435 and 436, and section 425.16. Section 435 provides that any party may serve and file a motion to strike the whole or any part of a demurrer, answer, complaint, or cross-complaint. (§ 435, subds. (a)(2), (b)(1).) Upon a motion made pursuant to section 435, a court may strike out any "irrelevant, false, or improper matter inserted in any pleading" or "all or any part of any pleading not drawn or filed in conformity with the laws of this state, a court rule, or an order of the court." (§ 436, subds. (a), (b).)

Section 425.16, in contrast, provides that a cause of action against a person is "subject to a *special* motion to strike" if it "aris[es] from any act of that person in furtherance of the person's right of petition or free speech under the United States

8

Constitution or the California Constitution in connection with a public issue." (§ 425.16, subd. (b)(1), italics added.) An " 'act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue' includes (1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law, (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law, (3) any written or oral statement or writing made in a place open to the public or a public forum in connection with an issue of public interest, or (4) any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest." (§ 425.16, subd. (e).)

The question before us, however, is not whether there are substantive differences among the various types of motions to strike, but rather whether the Legislature intended that section 92(d)'s limitation on the type of motions to strike that may be filed in limited civil cases would apply to special motions to strike under section 425.16. We now turn to that issue.

> C.    *Section 92(d)'s Limitation on Motions to Strike That are Allowed in a Limited Civil Case Precludes a Special Motion to Strike Under Section 425.16*

As originally enacted in 1982, section 92, within the article entitled "Economic Litigation for Municipal and Justice Courts," stated in relevant part: "(d) Motions to strike under Section 453

9

are not allowed.[5]  [¶]  (e)  Motions to strike under Section 435 are allowed only on the ground that the damages or relief sought are not supported by the allegations of the complaint." (Stats. 1982, ch. 1581, § 1, pp. 6226–6227.)

The following year, section 92 was amended to its current form, so as to permit motions to strike "only on the ground that the damages or relief sought are not supported by the allegations of the complaint."  (Stats. 1983, ch. 102, § 2.)[6]

Thus, in 1992, at the time the Legislature enacted section 425.16 authorizing special motions to strike, section 92(d) was already in place so as to bar motions to strike in limited civil actions except for motions to strike that are brought "on the ground that the damages or relief sought are not supported by the allegations of the complaint."  (§ 92(d).)  Under its plain meaning, section 92(d), by permitting only a particular type of motion to strike to be brought in a limited civil case, disallows *all other* motions to strike, including special motions to strike.  The enactment of section 425.16, authorizing anti-SLAPP motions,

---

**5**     Former section 453, which was repealed in 1982 (Stats. 1982, ch. 704, p. 2858, § 5), "related to sham and irrelevant answers and allegations.  See Code of Civil Procedure § 436." (Historical and Statutory Notes, 14C West's Ann. Code Civ. Proc. (2004 ed.) foll. § 453, p. 559.)

**6**     The 1983 amendment to section 92 "(1) [d]eleted former [subd.] (d) which read:  '(d) Motions to strike under Section 453 are not allowed.'; (2) redesignated former [subd.] (e) . . .  to be [subd.] (d) . . . ; and (3) deleted 'under Section 435' after 'to strike' in [subd.] (d)."  (See amendments in Deering's Ann. Code Civ. Proc. (2015 ed.) foll. § 92, p. 182.)

10

did not modify section 92(d)'s restriction on motions to strike in limited civil cases, either expressly *or* by implication.[7]

The Legislature "is presumed to be aware of all laws in existence when it passes or amends a statute. [Citations.]" (*In re Greg F.* (2012) 55 Cal.4th 393, 407.) Therefore, the Legislature was aware of section 92(d) at the time it enacted section 425.16. Had the Legislature intended to modify section 92(d) at that time to allow special motions to strike in limited civil cases, it would have so specified. (See, e.g. *People v. Albillar* (2013) 51 Cal.4th 47, 56 ["The Legislature clearly knew how to draft language limiting the nature of the [conduct addressed by the statute] and could have included such language had it desired to so limit the [statute's] reach"].)

Recent enactments affecting motions to strike and motions for judgment on the pleadings, specifically excluding their application to special motions to strike under section 425.16, demonstrate that the Legislature knows how to specify when a statutory provision does *not* apply to a special motion to strike. For example, section 435.5, which imposes a meet and confer requirement before the filing of a motion to strike, states at subdivision (d)(3) that it does not apply to a special motion to strike brought pursuant to section 425.16. (Stats. 2017, ch. 273, § 1.) Similarly, section 439, which imposes a meet and confer

---

[7]     As a general rule of statutory construction, repeal by implication is disfavored, and an implied repeal will be found " 'only when there is no rational basis for harmonizing the two potentially conflicting statutes [citations], and the statutes are "irreconcilable, clearly repugnant, and so inconsistent that the two cannot have concurrent operation." ' " (*Garcia v. McCutchen* (1997) 16 Cal.4th 469, 476–477.)

11

process prior to filing a motion for judgment on the pleadings, provides at subdivision (d)(3) that it does not apply to a special motion to strike brought under section 425.16.  (Stats. 2017, ch. 273, § 2.)  Also, section 472, which allows a party to amend its pleadings once without leave of court, states it does not apply to a special motion to strike brought under section 425.16.  (Stats. 2017, ch. 273, § 3; § 472, subd. (b).)  It therefore follows that had the Legislature intended to exclude special motions to strike from section 92(d)'s limitation on motions to strike that are allowed in limited civil cases, it would have so provided.  In the absence of limiting language such as in section 435.5, section 439, and section 472, we presume that notwithstanding section 425.16, the Legislature intended that section 92(d) continue to bar *all* motions to strike, with the exception of motions to strike that are brought "on the ground that the damages or relief sought are not supported by the allegations of the complaint."  (§ 92(d).)

The Legislature's approach to appeals from orders granting or denying special motions to strike is also instructive.  In 1999, section 425.16 and section 904.1 were amended to "provide that an appeal may be taken directly from an order granting or denying such a special motion to strike *to the court of appeal*, as specified."  (Stats. 1999, ch. 960, Legis. Counsel's Dig., Assem. Bill No. 1675 (1999–2000 Reg. Sess.), italics added.)  Subdivision (*i*) of section 425.16 now states that "[a]n order granting or denying a special motion to strike shall be appealable under Section 904.1," and consistent therewith, section 904.1, subdivision (a)(13) provides that in an unlimited civil case, such an order may be appealed to the Court of Appeal.  However, nothing in section 425.16 provides for an order on an anti-SLAPP

12

motion in a limited civil case to be appealed to the appellate division under section 904.2, and section 904.2, which lists the appeals that may be taken in a limited civil case to the appellate division of the superior court, likewise does not provide for an appeal of an order granting or denying a special motion to strike. If anti-SLAPP motions could be brought in limited civil cases, the Legislature presumably would have amended both section 425.16 and section 904.2 to provide that in limited civil cases, orders on anti-SLAPP motions could be appealed to the appellate division. Implicit in those statutes is that anti-SLAPP motions are not cognizable in limited civil cases.[8]

The absence of a statutory provision for an immediate appeal of an anti-SLAPP ruling in a limited civil case is significant for an additional reason. As the court observed in *Grewal v. Jammu* (2011) 191 Cal.App.4th 977 (*Grewal*): " '[W]hat use is a mechanism to allow you to get out of a case *early* if it is undercut by an erroneous decision of the trial judge?  The point of the anti-SLAPP statute is that you have a right *not* to be dragged through the courts because you exercised your constitutional rights.  The right to appeal a denial of an anti-SLAPP motion is important because it protects the interest validated by the anti-SLAPP statute.' " (*Id.* at p. 1003.)  Thus, without a statutory right to an immediate appeal of an anti-SLAPP ruling, any right

---

[8]     *Citibank, N.A. v. Tabalon* (2012) 209 Cal.App.4th Supp. 16 (*Citibank*) held the appellate division of the superior court does not have jurisdiction to review an interlocutory order denying an anti-SLAPP motion in a limited civil case because section 904.2 does not provide that such orders are directly appealable.  (*Id.* at p. 19.)  Because the appeal in *Citibank* was dismissed on jurisdictional grounds, the court did not address whether an anti-SLAPP motion may be brought in a limited civil case.

13

to bring an anti-SLAPP motion in a limited civil case would be of limited utility.  The fact that section 425.16, subdivision (*i*) and section 904.2 do not provide for an early appeal of an anti-SLAPP ruling in a limited civil case reflects that anti-SLAPP motions may not be brought in such cases.

Further, the appellate division's conclusion that a special motion to strike is not a motion to strike governed by section 92(d) is at odds with the Supreme Court's reasoning in *Baral*, *supra*, 1 Cal.5th 376.  *Baral* addressed mixed causes of action, i.e., causes of action that allege both protected and unprotected activity, and it concluded that section 425.16 may be used to strike discrete allegations of protected activity within a cause of action, without striking an entire cause of action. (1 Cal.5th at pp. 381–382.)  *Baral* explained:  "[T]he Legislature's choice of the term 'motion to strike' reflects the understanding that *an anti-SLAPP motion, like a conventional motion to strike, may be used to attack parts of a count as pleaded.*  (§ 425.16(b)(1); *Cho*[ *v. Chang* (2013)] 219 Cal.App.4th [521,] 527; *Wallace*[ *v. McCubbin* (2011)] 196 Cal.App.4th [1169,] 1205, fn. 19; see § 435, subd. (b)(1) [motion to strike applies to 'the whole or any part' of a pleading], § 436, subd. (a) [*court may* '[*s*]*trike out any irrelevant, false, or improper matter*']; *PH II, Inc. v. Superior Court* (1995) 33 Cal.App.4th 1680, 1682 [defective portion of a cause of action is subject to a conventional motion to strike].)  *The bench and bar are used to thinking of motions to strike as a way of challenging particular allegations within a pleading.*  (See 5 Witkin, Cal. Procedure, *supra*, Pleading, §§ 1009, 1012, pp. 420–421, 423; Weil & Brown, Cal. Practice Guide:  Civil Procedure Before Trial (The Rutter Group 2016) ¶ 7:156, p. 7(I)–70.)  *The drafters of the anti-*

14

*SLAPP statute were surely familiar with this understanding*." (*Baral*, *supra*, 1 Cal.5th at pp. 393–394, italics added.)

Accordingly, *Baral* teaches that the drafters of section 425.16, in devising special motions to strike, were well aware that motions to strike are a way of attacking particular allegations within a pleading. (*Baral*, *supra*, 1 Cal.5th at pp. 393–394.) Further, as we have indicated, the Legislature "is presumed to be aware of all laws in existence when it passes or amends a statute. [Citations.]" (*In re Greg F.*, *supra*, 55 Cal.4th at p. 407.) Thus, the Legislature was mindful of section 92(d)'s restriction on motions to strike in limited civil cases at the time it enacted section 425.16. Nonetheless, the Legislature did not insert language in section 425.16 to override section 92(d), nor did it amend section 92(d) to broaden the scope of allowable motions to strike in limited civil cases.

It is for the Legislature, not the courts, to define the circumstances in which an anti-SLAPP motion be brought. (*Urick v. Urick* (2017) 15 Cal.App.5th 1182, 1195.) Section 425.16, subdivision (d), and section 425.17 set forth various actions to which section 425.16 does not apply. However, given that section 92(d)'s broad restriction on motions to strike in limited civil cases was already in place at the time section 425.16 was adopted, it was unnecessary for the Legislature to add language to section 92(d) or to section 425.16 specifying that a special motion to strike is not permitted in a limited civil case.

Stated another way, at the time the Legislature enacted section 425.16, it declined to add language either to section 92 or to section 425.16 to expand the range of motions to strike that are allowed in limited civil cases. By refraining from doing so, the Legislature authorized special motions to strike to be filed in

15

unlimited civil cases, but left unchanged section 92(d)'s restriction on motions to strike that may be brought in limited civil cases.

> D.   *Construing Section 92(d) as Barring Anti-SLAPP Motions in Limited Civil Cases is Also in Harmony With the Public Policy of Economic Litigation in Such Cases*

We also make the observation that construing section 92(d) to preclude special motions to strike in limited civil cases is consistent with economic litigation procedures for such cases (*Snukal v. Flightways Manufacturing, Inc*. (2000) 23 Cal.4th 754, 763, fn. 2; 2 Witkin, Cal. Procedure (5th ed. 2008) Courts, § 250 et seq., p. 340 et seq.), presumably to keep litigation costs rationally related to the $25,000 jurisdictional limit on the amount in controversy.  (§ 86.)  To that end, various procedures available in unlimited civil cases are unavailable in limited civil cases, to further the public policy of handling such cases efficiently and economically.  For example, the statutory scheme governing limited civil cases prohibits special demurrers (§ 92, subd. (c)), and also imposes limitations on discovery (§§ 94–95).

In view of the potentially sizable expense of litigating an anti-SLAPP motion, as well as the statutory provision for attorney fees and costs to the prevailing party (§ 425.16, subd. (c)), allowing anti-SLAPP motions to be prosecuted in limited civil cases would escalate the cost of such litigation, and the attendant expense could readily exceed the amount in controversy.[9]  Permitting anti-SLAPP motions in limited civil cases would also delay the resolution of such cases.  (See *Grewal*,

---

[9]   For example, in the instant case, the Association's complaint against Munshi sought damages of less than $10,000.

*supra*, 191 Cal.App.4th at pp. 999–1000 [noting that an anti-SLAPP motion "will cause the plaintiff to expend thousands of dollars to oppose it, all the while causing the plaintiff's case, and ability to do discovery, to be stayed"].) Thus, construing section 92(d) to permit anti-SLAPP motions to be brought in limited civil cases would undermine the Legislature's goal of efficient and cost-effective litigation in such cases.

For all these reasons, we conclude that section 92(d) precludes a defendant from bringing a special motion to strike in a limited civil case.

## DISPOSITION

The order to show cause is discharged and the previously ordered stay is lifted.  The Association's petition for writ of mandate is granted.  Let a peremptory writ of mandate issue directing the appellate division to vacate its order of February 7, 2018 granting Munshi's petition for writ of mandate, and to enter a new and different order denying Munshi's petition.  The Association shall recover its costs in this proceeding.  (Cal. Rules of Court, rule 8.493.)

**CERTIFIED FOR PUBLICATION**

EDMON, P. J.

We concur:

LAVIN, J.

EGERTON, J.

18