Filed 7/15/24  P. v. Smith CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>GREGORY ANDRE SMITH,<br><br>    Defendant and Appellant. | B329390<br><br>(Los Angeles County<br>Super. Ct. No. KA059149) |

APPEAL from an order of the Superior Court of Los Angeles County, Jacqueline H. Lewis, Judge.  Reversed with directions.

Stanley Dale Radtke, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Steven D. Matthews and Amanda V. Lopez, Deputy Attorneys General, for Plaintiff and Respondent.

Years ago, a jury found Gregory Smith guilty of, among other crimes, robbery, and the trial court found he had a prior prison commitment under Penal Code[1] section 667.5, subdivision (b). When the trial court sentenced Smith, it imposed but stayed a sentence on the enhancement. Thereafter, our Legislature enacted Senate Bill No. 483, which declared section 667.5, subdivision (b), one-year prison priors legally invalid. Smith petitioned for resentencing under Senate Bill No. 483. The trial court denied the petition, finding Senate Bill No. 483 inapplicable to Smith because his enhancement had been stayed. Smith appeals, contending that he is eligible for resentencing. We agree and remand for a full resentencing hearing.

## BACKGROUND

Only facts regarding Smith's sentence are relevant on appeal. In 2003, a jury found Smith guilty of attempted second degree robbery (§§ 664, 211; count 2), second degree robbery (§ 211; count 3), and of being a felon in possession of a weapon (former § 12021, subd. (a); count 4). As to the robbery counts, the jury found that Smith personally used a gun (§ 12022.53, subd. (b)). The court found that Smith had a prior strike conviction within the meaning of the Three Strikes law and one prior prison commitment under section 667.5, subdivision (b).

That same year, the trial court sentenced Smith to 31 years in prison. As relevant here, the trial court imposed but stayed the sentence on the section 667.5, subdivision (b), prison prior.

---

[1] All further undesignated statutory references are to the Penal Code.

2

After our Legislature passed Senate Bill No. 483, Smith petitioned for resentencing under that new law.[2]  On March 13, 2023, the trial court heard the petition but found that Smith was not serving a sentence that includes a section 667.5, subdivision (b), enhancement because the enhancement was stayed.  The trial court therefore did not conduct a full resentencing hearing but did "permanently" stay the enhancement.

## DISCUSSION

Smith contends that the trial court erred by refusing to conduct a full resentencing hearing.  The crux of his argument is that Senate Bill No. 483 applies to one-year prison priors that were stayed, while the People counter that the law applies only to ones that were executed.  The issue being one of statutory interpretation, we first explain principles of statutory interpretation and then we apply them, finding that Smith is entitled to a resentencing hearing.

I.    Statutory interpretation principles

Our fundamental task in interpreting a statute is to determine the Legislature's intent so as to effectuate the law's purpose, beginning with an examination of the statute's words and giving them a plain, commonsense meaning.  (*People v. Gonzalez* (2017) 2 Cal.5th 1138, 1141; *1550 Laurel Owner's Assn., Inc. v. Appellate Division of Superior Court* (2018) 28 Cal.App.5th 1146, 1151.)  We consider the entire scheme's language and related statutes, harmonizing terms when possible.  (*Gonzalez*, at

---

[2]    In its January 19, 2023 minute order, the trial court noted that Smith was on the California Department of Corrections and Rehabilitation's July 2022 list of inmates eligible for resentencing under Senate Bill No. 483.

3

p. 1141.)  We do not interpret a statute so literally as to contravene the apparent legislative intent, " ' " 'and if a statute is amenable to two alternative interpretations, the one that leads to the more reasonable result will be followed.' " ' " (*People v. Christianson* (2023) 97 Cal.App.5th 300, 309, review granted Feb. 21, 2024, S283189 (*Christianson*).)

If unambiguous, the statute's plain meaning controls, and we need go no further.  (*1550 Laurel Owner's Assn., Inc. v. Appellate Division of Superior Court*, *supra*, 28 Cal.App.5th at p. 1151.)  But if language is subject to more than one reasonable construction, we may consider extrinsic aids, including legislative history, the statute's purpose, and public policy. (*Christianson*, *supra*, 97 Cal.App.5th at p. 309.)  Ultimately, we choose the construction comporting most closely with legislators' apparent intent, with a view to promoting the statute's general purpose, rather than defeating it. (*People v. Gonzalez*, *supra*, 2 Cal.5th at p. 1141.)  We review questions of statutory interpretation de novo.  (*Ibid.*)

II.    Overview of Senate Bill No. 483

Senate Bill No. 483 (2021–2022 Reg. Sess.) added section 1171, formerly section 1171.1, and now renumbered section 1172.75.  Effective January 1, 2020, section 1172.75, subdivision (a), declared legally invalid any section 667.5, subdivision (b), enhancement imposed before the effective date, except one for a sexually violent offense.  The statute requires the Department of Corrections and Rehabilitation (the department) and county jail administrators to identify "persons in their custody currently serving a term for a judgment that includes an enhancement described in subdivision (a)."  (§ 1172.75, subd. (b).)  They must provide specified information about those persons to the

4

sentencing court by March 1, 2022 "for individuals who have served their base term and any other enhancements and are currently serving a sentence based on the enhancement" and by July 1, 2022 for all others. (§ 1172.75, subd. (b)(1) & (2).) When the sentencing court receives this information, it "shall review the judgment and verify that the current judgment includes a sentencing enhancement described in subdivision (a)." (§ 1172.75, subd. (c).) If the court so verifies, then it "shall recall the sentence and resentence the defendant." (*Ibid.*)

Resentencing "shall result in a lesser sentence than the one originally imposed as a result of" eliminating the repealed enhancement, "unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety." (§ 1172.75, subd. (d)(1).) Further, the resentencing court shall consider "any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing." (§ 1172.75, subd. (d)(2).) The resentencing court may consider "postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice" (§ 1172.75, subd. (d)(3)).

III. Applicability of Senate Bill No. 483 to stayed enhancements

As we have said, the dispute here "centers around the meaning of the word 'imposed' as used in section 1172.75, subdivision (a), and, more specifically, whether a sentence

5

enhancement pursuant to section 667.5, subdivision (b) that was imposed *and stayed* for a non-sexually violent offense prior to January 1, 2020, is 'a sentencing enhancement described in subdivision (a)' of section 1172.75.  (§ 1172.75, subd. (c).)" (*Christianson, supra*, 97 Cal.App.5th at p. 311.)  Courts of Appeal are divided on the dispute, with some finding that a defendant whose enhancement has been stayed is entitled to a resentencing hearing (see, e.g., *id.* at p. 317; *People v. Mayberry* (2024) 102 Cal.App.5th 665; *People v. Saldana* (2023) 97 Cal.App.5th 1270, review granted Mar. 12, 2024, S283547; *People v. Renteria* (2023) 96 Cal.App.5th 1276), and at least one finding that the enhancement must have been executed for the defendant to be entitled to a resentencing hearing (*People v. Rhodius* (2023) 97 Cal.App.5th 38, review granted Feb. 21, 2024, S283169).  We agree with those courts finding that a defendant whose sentence includes a section 667.5, subdivision (b), enhancement that has been stayed is entitled to a full resentencing hearing.

Section 1172.75, subdivisions (a) and (c), provide that a defendant currently serving time on a judgment that includes a section 667.5, subdivision (b), enhancement *imposed* before January 1, 2020 is entitled to a full resentencing hearing. "Imposed" can have two meanings:  (1) imposed and then executed or (2) imposed and then stayed.  (*People v. Gonzalez* (2008) 43 Cal.4th 1118, 1125.)  *Christianson* explained why, in the context of section 1172.75, "imposed" has both meanings. That is, section 1172.75 requires the department to identify inmates " 'currently serving a term *for a judgment*' " that includes a section 667.5, subdivision (b), enhancement.  (*Christianson, supra*, 97 Cal.App.5th at p. 311.)  "A judgment may include a sentence that has been imposed but suspended or stayed. . . .

Thus, by its plain language, all that is required for the [department] to identify an inmate under section 1172.75, subdivision (b) is for the enhancement to be included in the abstract of judgment, regardless of whether it is imposed [executed] or stayed. Had the Legislature intended for the language in subdivision (b) to limit the identification to those inmates that would necessarily be required to serve an additional term based on the enhancement, it certainly could have done so." (*Id.* at pp. 311–312.)

Next, the statute directs the sentencing court to " '*verify* that *the current judgment includes*' " a section 667.5, subdivision (b), enhancement. (*Christianson, supra,* 97 Cal.App.5th at p. 312.) "[T]he word 'verify' suggests that the sentencing court is doing just that, verifying that the individual the [department] identified is in fact an individual described by the statute, not looking to see if the inmate meets an additional requirement (i.e., that the enhancement is *imposed* and not stayed). It does not follow logic or reason to read these two subdivisions [(a) and (b)] together in a manner that would require the [department] to identify a larger class of inmates—all those serving time on a judgment that include a now invalid enhancement—only for the trial courts to then look at the same abstracts of judgment available to the [department] to determine whether the previous court imposed additional time for, or stayed, the relevant enhancements." (*Ibid.*)

Noting that section 1172.75, subdivision (d)(1), requires a trial court to impose a lesser sentence than originally imposed, *Christianson* rejected the notion that removing a stayed term does not result in a lesser sentence. (Accord, *People v. Saldana, supra,* 97 Cal.App.5th at p. 1278 [stayed enhancement is part of

7

sentence and remains available if its execution becomes necessary]; but see *People v. Rhodius*, *supra*, 97 Cal.App.5th at pp. 43–44.) Rather, even a stayed term has potential consequences to a sentence; for example, the trial court "retains the ability to lift the stay and impose the term under certain circumstances, such as if an alternately imposed term is invalidated." (*Christianson*, *supra*, 97 Cal.App.5th at p. 312.) Therefore, even if a trial court at resentencing merely strikes the stayed enhancement and declines to otherwise resentence the defendant, a lesser sentence has still been imposed.

Further, neither the *Christianson* court nor we find that section 1172.75's legislative history supports a different interpretation. The People point out that, as originally drafted, Senate Bill No. 483 required trial courts to administratively amend abstracts of judgment to remove invalidated enhancements but was subsequently amended to its current form to instead require resentencing. (See generally *Christianson*, *supra*, 97 Cal.App.5th at p. 314.) However, this amendment was not due to any attempt to limit the law's scope to executed enhancements. Instead, it was due partly to concerns about the "legality of administratively amending abstracts, as opposed to the more common practice of conducting a full resentencing." (*Ibid.*) The bill's authors accordingly recognized that an enhancement, even a stayed one, is part of the whole, and is just one factor a trial court considers in determining the overall sentence. (*Id.* at p. 315.) This accords with the mandate in section 1172.75, subdivision (d), that, at a resentencing hearing, the trial court consider other changes in law aimed at reducing sentences and eliminating disparities in sentences and to

8

consider postconviction factors and evidence that continued incarceration is not in in the interests of justice.

Here, although the trial court purported to permanently stay the section 667.5, subdivision (b), enhancement, it had to strike it and to conduct a full resentencing hearing. We express no opinion on how the trial court should exercise its discretion at that hearing.

## DISPOSITION

The order is reversed, Smith's sentence is vacated, and the matter is remanded for a resentencing hearing consistent with section 1172.75.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

EDMON, P. J.

I concur:

LAVIN, J.

9

**Egerton, J., Concurring.**

I concur in the result with considerable reluctance.

On October 30, 2002, Augustine Flores Ramirez and his friend Guero stopped at a liquor store in Pomona.[1]  A man asked them if they wanted to buy marijuana.  They expressed interest, and the man took them to a nearby house.  Smith and a man later identified as Patrick Oneal emerged from the house.  Smith directed Flores and Guero into an alley and told them to wait there.  Flores and Guero decided to leave but Smith said to wait.  Smith and Oneal then produced handguns and demanded money.  (*Smith I*.)

Guero surrendered his cash and watch, then ran.  When Flores refused to give Smith any money, Smith hit Flores on the back of the head with what Flores said felt like a gun.  Flores heard the gun misfire as he tried to open a gate.  Flores climbed onto a parked car to try to climb a fence.  Flores heard shots; the third shot hit him in the right leg.  Flores looked back and saw Smith had shot him.  (*Smith I*.)

In 2003 a jury convicted Smith of the robbery of Guero and the attempted robbery of Flores.  The jury acquitted Smith of the attempted murder of Flores.  The jury found Smith had personally used a firearm in the commission of the offenses.  Smith waived jury on the prior conviction allegations and the trial court found he had a prior strike for robbery.  (*Smith I*.)

The trial court sentenced Smith to 31 years:  the high term of five years for the robbery of Guero because—the court said—

---

[1]     This factual summary is from the opinion in Smith's direct appeal, *People v. Smith* (Feb. 9, 2005, B169102) [nonpub. opn.] (*Smith I*).

1

the crime involved great violence, Smith was on parole at the time, and the evidence suggested planning and sophistication—the victims were lured to the scene of the robbery. The court doubled the base term because of the strike and imposed 10 years for the firearm enhancement and five years for the serious felony prior under section 667, subdivision (a)(1). For the attempted robbery of Flores, the court imposed a consecutive term of one-third the midterm, doubled (16 months), plus one-third the firearm use enhancement (three years, four months). The court also imposed 16 months for the possession of a firearm by a felon. (*Smith I*.) The court imposed and stayed under Penal Code section 654[2] one year for the prison prior—the same robbery prior that constituted the strike and the five-year serious felony prior.

In February 2022, Smith sent the court a letter along with a "petition," citing Senate Bill No. 483 (SB 483). On March 10, 2022, the court (the Honorable Juan C. Dominguez) denied Smith's petition for lack of standing.[3] In November 2022,

---

[2]    References to statutes are to the Penal Code.

[3]    Section 1172.75 does not authorize an individual defendant to seek relief under SB 483. (*People v. Burgess* (2022) 86 Cal.App.5th 375, 379.) The record on appeal does not contain any notice, letter, list, or other communication to the court from the California Department of Corrections and Rehabilitation identifying Smith as a person currently serving a prison term for a judgment that includes an invalid section 667.5, subdivision (b) enhancement. (See § 1172.75, subd. (b).) Smith refers to a July 1, 2022 letter in his brief but he has not asked to augment the record to provide it. The trial court apparently did receive some sort of communication from the CDCR after Judge Dominguez had ruled on the first "petition." At a later hearing,

2

Smith sent another letter to the court asking about the status of his petition.  On December 5, 2022, Judge Dominguez appointed counsel for Smith.  On December 7, 2022, the court received another pro per petition from Smith, citing SB 483, as well as Assembly Bill No. 1540, Senate Bill No. 620, Senate Bill No. 567, Senate Bill No. 1393, and Senate Bill No. 81.

In January 2023, Smith sent the court a letter stating he hadn't heard from his attorney.  On January 19, 2023, the court (the Honorable Jacqueline H. Lewis) appointed counsel for Smith and set the matter for a hearing.  At the hearing on March 13, 2023,[4] the court noted Smith was not "serving time" on the prison prior.  Smith's counsel replied, "[I]t's obviously an interesting issue."  Counsel said, "[O]bviously, he's not receiving any time on that one-year prison prior, but the court did specifically impose the prior, but stay it."  Counsel continued, "Definitely an interesting gray area.  [But] . . . the statute refers to any enhancement that was imposed being now legally invalid entitles that person to resentencing."  The court denied Smith's petition on the ground he "is not currently serving a sentence that includes a 667.5 enhancement because that enhancement was stayed on the date of sentencing."

I recognize that at least two published opinions (as well as several unpublished opinions) have held the imposition of a prison prior—whether stayed or executed—entitles the defendant to a full resentencing.  (*People v. Saldana* (2023) 97 Cal.App.5th

---

the court stated, "Mr. Smith is on the list created by CDCR in July of 2022."

[4]     The hearing was conducted before most of the published cases addressing this issue were decided.

3

1270, review granted Mar. 12, 2024, S283547 (*Saldana*); *People v. Christianson* (2023) 97 Cal.App.5th 300, review granted Feb. 21, 2024, S283189.)[5]  Division Two of the Fourth District reached the opposite conclusion in *People v. Rhodius* (2023) 97

---

[5]     In a third case, *People v. Renteria* (2023) 96 Cal.App.5th 1276, the court reached the same conclusion.  In that case, however, the Attorney General conceded "the trial court should have conducted a full resentencing," and the appellate court "accept[ed] that concession."  (*Id.* at pp. 1279–1280.)  Similarly, in a fourth case, *People v. Montgomery* (2024) 100 Cal.App.5th 768, review granted May 29, 2024, S284662, "[t]he parties agree[d] Senate Bill 483 not only invalidated [defendant's] prison priors[;] it mandated a full resentencing hearing."  (*Id.* at p. 773.)  In a fifth case, *People v. Monroe* (2022) 85 Cal.App.5th 393 (*Monroe*), the Attorney General apparently conceded the defendant was entitled to a full sentencing.  (*Id.* at pp. 395–396, 399–400.)  In *Saldana, supra,* 97 Cal.App.5th 1270, the Attorney General had "agreed" the defendant was entitled to a full resentencing but then petitioned for rehearing, stating it had "presented" "the concession" "in error."  (*Id.* at pp. 1272–1273. Cf. *People v. Superior Court (Guevara)* (2023) 97 Cal.App.5th 978, 986–987 [defendant serving third strike sentence was not entitled to full resentencing when court struck his prison prior under SB 483], review granted Mar. 12, 2024, S283305; *People v. Kimble* (2024) 99 Cal.App.5th 746, 748–749 [same], review granted Apr. 24, 2024, S284259 (*Kimble*).)  Finally, *People v. Coddington* (2023) 96 Cal.App.5th 562 held defendant whose prison prior was both imposed and executed as part of his negotiated sentence was entitled to full resentencing but People then were entitled to withdraw their consent to the plea agreement under *People v. Stamps* (2020) 9 Cal.5th 685, 704. That issue is now before our Supreme Court in *Montgomery*.

4

Cal.App.5th 38, review granted and request for depublication denied Feb. 21, 2024, S283169 (*Rhodius*).

The *Rhodius* court examined the language of the statute and then detailed the legislative history of both SB 483 and Senate Bill No. 136. (*Rhodius*, *supra*, 97 Cal.App.5th at pp. 42–46.) The *Rhodius* court concluded,

> "The findings, costs, and ramifications of Senate Bill 136 and Senate Bill 483 cited during the legislative sessions presuppose inmates who are serving additional time as a result of the sentencing enhancement under section 667.5(b). The references to financial and familial burdens do not logically follow if a defendant is not actually serving additional time as the result of an imposed and executed sentence associated with a section 667.5(b) prior. As such, to interpret the statute to include enhancements that were imposed and stayed would be contrary to the legislative intent and the plain language of the statute." (*Id*. at pp. 48–49.)

In my view, the *Rhodius* court's analysis and conclusions are well reasoned and persuasive.

In a full resentencing, Smith presumably will seek to challenge the court's selection of the upper term on count 3,[6]

---

[6] See Senate Bill No. 567 (2021–2022 Reg. Sess.), Stats 2021, ch. 731, §§ 1.3, 2. Section 1172.75, subdivision (d)(4) prohibits the court in a resentencing from imposing "a sentence exceeding the middle term" (absent certain conditions) "*[u]nless* the court originally imposed the upper term." However the statute also

5

the firearm enhancements,[7] and the five-year serious felony prior.[8]  Smith will be entitled to have the court consider "postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation" over the past 21 years, as well as a number of other factors listed in the statute.  (§ 1172.75, subd. (d)(3).)  All of this will require a substantial investment of time by the trial court as well as counsel.

Had the trial court—when it sentenced Smith 21 years ago, stricken the one-year prison prior rather than staying it[9]—we

---

requires the court to "apply any other changes in law that reduce sentences . . . ."  (§ 1172.75, subd. (d)(2).)  It's unclear what this combination of requirements means.  (Cf. *People v. Ellis* (2024) 101 Cal.App.5th 1233, 1234–1235 [rejecting defendant's contention that court, in striking two prison priors, was required to afford him full resentencing and consider Senate Bill No. 567].)

[7] See Senate Bill No. 620 (2017–2018 Reg. Sess.), Stats. 2017, ch. 682, §§ 1–2.  Cf. *Monroe, supra,* 85 Cal.App.5th at pp. 395, 401 [defendant serving three one-year terms for prison priors entitled to request relief under Senate Bill No. 620 in SB 483 resentencing].

[8] See Senate Bill No. 1393 (2017–2018 Reg. Sess.), Stats. 2018, ch. 1013, §§ 1–2; *Monroe, supra,* 85 Cal.App.5th at pp. 395–396 [defendant entitled to request relief under Senate Bill No. 1393 in SB 483 resentencing].

[9] The court did not err by staying—rather than striking—the one-year enhancement.  The court noted the one year would be "suspended because there's a case People versus Rios that says you can't impose both the five-year and the one-year for the same [prior conviction]."  As noted, the strike prior constituted both the five-year serious prior felony and the one-year prison prior.

6

wouldn't be here. (See § 1172.75, subd. (a) [enhancement must have been *imposed*].) The very different outcomes for defendants whose prison priors were stricken at sentencing and those whose prison priors were stayed present a fairness issue. A defendant whose prison prior was stricken when he or she was sentenced has no right to a full resentencing, as his or her sentence is long-since final.[10] By contrast, a defendant like Smith—whose sentence has been final for 18 years, and who never had to serve,

As a leading treatise notes, generally, a trial court may not stay the one-year enhancement. (Couzens et al., Sentencing California Crimes (The Rutter Group 2023) ¶ 12:12.) However, "If a defendant is found to have both a prior prison term under section 667.5(b) and a prior serious felony enhancement under section 667(a) for the *same offense*, only one is to be served. [Citation.] The court should impose the prior serious felony enhancement under section 667(a)." (*Ibid*.) Judge Couzens notes appellate courts "are in conflict over the proper treatment of the section 667.5(b) prison prior term not to be served." (*Ibid*.) One line of authority "suggests the proper procedure is to impose the extra term, then stay it." (*Ibid*. See Cal. Rules of Court, rule 4.447(a)(2); *People v. Brewer* (2014) 225 Cal.App.4th 98, 104; *People v. Walker* (2006) 139 Cal.App.4th 782, 794, fn. 9; *People v. Lopez* (2004) 119 Cal.App.4th 355, 360–367.) Another line of authority disagrees. (Couzens, *supra*, at ¶ 12:12.)

[10] Effective January 1, 2024, our Legislature amended section 1172.1 to give trial judges jurisdiction to resentence a defendant —on the court's own motion—beyond the previously-applicable 120-day limit "if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law." (§ 1172.1, subd. (a)(1).) The statute expressly provides, "A defendant is not entitled to file a petition seeking relief from the court under this section. If a defendant

7

nor will ever have to serve, the additional one year—gets a full resentencing and an opportunity to challenge the trial court's choice of the upper term term, his firearm enhancements, and his serious felony prior.  (Cf. *Kimble*, *supra*, 99 Cal.App.5th at pp. 748–751, 755–756 [rejecting defendant's contention that, because he was entitled to have his prison prior stricken under SB 483, he also was entitled to full resentencing even though he already had been denied relief under the Three Strikes Reform Act of 2012 (Prop. 36, as approved by voters, Gen. Elec. (Nov. 6, 2012)); to accept defendant's reading of SB 483 would frustrate the statute's "intent to promote uniformity of sentencing" by granting relief to offenders with a prison prior while denying it to those without a prison prior].)

In deference to my colleagues' agreement with *Saldana* and *Christanson*, and pending guidance from our high court— or action by our Legislature to clarify what it meant by the terms "*serving* a term" and "imposed"—I concur in the result.


EGERTON, J.

---

requests consideration for relief under this section, the court is not required to respond."  (§ 1172.1, subd. (c).)

8