Filed 5/31/18

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| JOHN NIST,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>STEVEN HALL,<br><br>    Defendant and Respondent. | 2d Civil No. B284606<br>(Super. Ct. No. 15CV-0009)<br>(San Luis Obispo County) |

      A good faith purchaser is "[a] purchaser who buys without notice of circumstance which would put a person of ordinary prudence on inquiry as to the title, or as to an impediment on the title, of a seller." (Black's Law Dict. (6th ed. 1992) p. 693, col. 2.) The trial court found that respondent, Steven Hall, was a good faith purchaser at a lien sale and acquired the contents of a storage unit free and clear of John Nist's claim that the sale violated the California Self-Service Storage Facility Act ("the Act"). (Bus. & Prof. Code, § 21700 et seq.)[1] We affirm and conclude that the action is barred by the

---

[1] All statutory references are to the Business & Professions Code unless otherwise stated.

good faith purchaser provisions of section 21711 and the doctrine of judicial estoppel.

*Facts and Procedural History*

In 2007, appellant rented a storage unit at Yolantra Swiatek's self-storage facility in Oceano. Three years later, Swiatek served appellant with a Sixty-Day Notice to Vacate the storage unit. Appellant claimed the notice was invalid and refused to vacate the unit, resulting in demand letters and notices. When appellant stopped paying rent, Swiatek instructed her property manager to secure the storage unit and conduct a lien sale of its contents. Appellant served Swiatek with a document stating: "All transactions with this unit fall under Business and Professions Code 21700 et se[q]. A body of law which you have refused to follow." (See *post* at. pp. 10-11 re theory of trial.)

Eight to 10 people attended the sale, including respondent's business partner, Burke. Burke and respondent were the winning bidders, paid $400 for the contents of the storage unit, and were given a "lien sale" receipt.

Appellant sued the storage facility owner, Swiatek, for conversion, wrongful eviction, and violation of the Unfair Business Practices Act (§ 17200). (*Nist v. Swiatek et al.,* San Luis Obispo Sup. Ct., case no. CV120742.) Appellant settled the case for $12,000 and dismissed the action with prejudice in 2014.

In 2015, appellant sued respondent for conversion. Respondent demurred on the ground that the action was barred by the good faith purchaser provisions of section 21711. After the

2

trial court sustained the demurrer, appellant filed an amended complaint that made no reference to the Act.[*]

At trial, the trial court credited respondent's testimony that he was a good faith purchaser and found that the action was barred by section 21711. The court ruled that "[a]ny failures of a storage facility [owner] to comply with the provisions of section 21712 or other provisions of the Act penalize the facility *owner*, not a *good faith purchaser*. The only Defendant left in this case is a good faith purchaser. . . . [¶] [¶] [¶] [¶] The point of section 21711 is to protect a good faith purchaser '*despite noncompliance by the owner of the storage facility with the requirements of this chapter*.' As a matter of law and based upon the stipulated facts, the Court concludes that the good faith purchaser provisions of section 21711 applies."

*Good Faith Purchaser*

Pursuant to the Act, "a 'self-service storage facility' is real property designed and used for renting storage space (or individual storage containers) to occupants who are given a right of access for the purpose of storing and removing personal property . . . . [See Bus. & Prof. C[ode,] §21701(a)] The agreement to rent a self-service storage unit is considered a lease of real property. [Citation.]" (Friedman et al., Cal. Practice Guide: Landlord-Tenant (The Rutter Group 2017) ¶ 7:79.1, p. 7-31.) If the occupant defaults on his or her rent, the storage facility owner may bring an unlawful detainer action (Code Civ. Proc., § 1161 et seq.) or, in the alternative, invoke the Act's extra-

---

[*] We express no opinion on whether appellant has impermissibly split a cause of action. (See, e.g., *Henry v. Clifford* (1995) 32 Cal.App.4th 315, 321 [discussing primary right, res judicata doctrine].)

judicial remedy of a lien sale "*only* where the parties enter into a written agreement containing required terms [citation]." (Friedman et al., Cal. Practice Guide, Landlord-Tenant, *supra*, ¶ 7:79.1, p. 7-31.)  The purpose of the Act is to provide self-storage facility owners an "'effective remedy against defaulting customers.'"  (*Vitug v. Alameda Point Storage, Inc.* (2010) 187 Cal.App.4th 407, 415.)

Section 21711 provides that a good faith purchaser at a storage facility lien sale takes the property free of any rights of persons against whom the lien is claimed even if the storage facility owner sells the property in violation of the Act. (Gharibian, *Storage Stop: Self Service Storage Facilities Have Clear Lien Enforcement Rights, but a Wronged Tenant May Find Recourse*, 36 L.A. Lawyer (June 2013) 28, 31; 10 Miller & Starr, Cal. Real Estate (4th ed. 2017) § 34:268, p. 34-965; 13 Witkin, Summary of Cal. Law (11th ed. 2017) Personal Property § 240, p. 240.)  Section 21711 states in pertinent part:  "A purchaser in good faith of goods sold to enforce a lien . . . on goods stored at a self-service storage facility takes the goods free of any rights of persons against whom the lien was claimed, despite noncompliance by the owner of the storage facility with the requirements of this chapter."

Appellant argues that the section 21711 does not apply because there was no written rental agreement.  Section 21712, subdivision (a) states:  "Each contract for the rental or lease of individual storage space in a self-service storage facility shall be in writing and shall contain, in addition to the provisions otherwise required or permitted by law to be included, a statement that the occupant's property will be subject to a claim of lien and may even be sold to satisfy the lien if the rent or other

4

charges due remain unpaid for 14 consecutive days and that such actions are authorized by this chapter."

Appellant claims that section 21712 trumps the good faith purchaser defense (i.e., § 21711) because the rental agreement was verbal. The meaning and construction of a statute is a question of law and examined de novo. (*People ex rel. Lockyer v. Shamrock Foods Co.* (2000) 24 Cal.4th 415, 432.) "Our fundamental task in interpreting a statute is to determine the Legislature's intent so as to effectuate the law's purpose. We first examine the statutory language, giving it a plain and commonsense meaning. We do not examine that language in isolation, but in the context of the statutory framework as a whole in order to determine its scope and purpose and to harmonize the various parts of the enactment." (*Coalition of Concerned Communities, Inc. v. City of Los Angeles* (2004) 34 Cal.4th 733, 737.) Potentially conflicting statutes must be harmonized whenever possible. (*Broughton v. Cigna Healthplans* (1999) 21 Cal.4th 1066, 1086.)

Section 21712 governs the relationship between the storage facility owner and occupant, but not the rights of the good faith purchaser. Section 21711 is clear. (See, e.g., *Advanced Modular Sputtering, Inc. v. Superior Court* (2005) 132 Cal.App.4th 826, 834.) It states that the good faith purchaser "takes the goods free of *any rights of persons against whom the lien was claimed*, despite noncompliance by the owner of the storage facility with the requirements of this chapter." (§ 21711, italics added.)

The statutory purpose is obvious. Absent such an immunity, few if any bidders would attend lien sales or risk liability due to a technical noncompliance with the Act. Bidders

would have to inspect the rental agreement and review all aspects of the lien sale before making a bid. Based on appellant's construction of section 21712, no successful bidder could be a good faith purchaser if the rental agreement was verbal or the occupant was a holdover tenant with no rental agreement. This construction of the Act would literally defeat the legislative purpose of providing storage owners an effective remedy against defaulting customers. (*Vitug v. Alameda Point Storage, Inc., supra,* 187 Cal.App.4th at p. 415.)

*Void Title*

Appellant claims that the storage facility lien was not perfected and that respondent, as the winning bidder, acquired no greater title than the storage facility owner had. Stated another way, a seller with void title lacks the power to transfer good title to a good faith purchaser for value. (4 Witkin, Summary of Cal. Law, *supra*, Sales, § 137, p. 128.)

Appellant relies on California Uniform Commercial Code section 2403, subdivision (1) which provides that only "[a] person with voidable title has power to transfer a good title to a good faith purchaser for value." The Commercial Code applies to voluntary transactions, not an involuntary lien sale under the California Self-Service Storage Facility Act. It defines "'[p]urchase'" to mean "taking by sale, lease, discount, negotiation, mortgage, pledge, lien, security interest, issue or reissue, gift, or *any other voluntary transaction creating an interest in property*. (Cal. U. Com. Code, § 1201, subd. (29), italics added; see *id*. § 7102, subd. (c) [applying section 1101 general definitions to warehouse liens].) The Commercial Code does make an exception for warehouse lien sales, which is an involuntary sale. (Cal. U. Com. Code, §§ 7209, 7210; *Melara v.*

6

*Kennedy* (9th Cir. 1976) 541 F.2d 802, 805.)  California Uniform Commercial Code section 7210, subdivision (a) provides:  "a warehouse's lien may be enforced by public or private sale of the goods . . . at any time or place . . . that are commercially reasonable, after notifying all persons known to claim an interest in the goods."  The warehouse "is liable for damages caused by failure to comply with the requirements for sale under this section and, in case of willful violation, is liable for conversion." (Cal. U. Com. Code, § 7210, subd. (i).)  The California Uniform Commercial Code, like the Self-Service Storage Facility Act, has a good faith purchaser defense but limits the defense to claims by persons against whom the warehouse lien is valid.  (*Id.* § 7210, subd. (e).)[2]

Appellant's reliance on the Commercial Code and the void-versus-voidable-title argument is without merit.  The Legislature, in enacting the Self-Service Storage Facility Act, declared that "[a] self-service storage facility is not a warehouse . . . .  If an owner issues a warehouse receipt, bill of lading, or other document of title for the personal property stored, the owner and the occupant are subject to the provisions of

---

[2] California Uniform Commercial Code section 7210, subdivision (e) is more restrictive than the Self-Service Storage Facility Act and provides:  "A purchaser in good faith of goods sold to enforce a warehouseman's lien takes the goods *free of any rights of persons against which the lien was valid*, despite the warehouse's noncompliance with this section."  (Italics added.)  In contrast, section 21711 of the California Self-Service Storage Facility Act provides that a good faith purchaser "*takes the goods free of any rights of persons against whom the lien was claimed*, despite noncompliance by the owner of the storage facility with the requirements of this chapter."  (Italics added.)

Division 7 (commencing with Section 7101) of the Commercial Code, and the provisions of this chapter do not apply."  (§ 21701, subd. (a).)  There is no evidence here that the self-storage facility was operated as a warehouse or that appellant was issued a warehouse receipt.

Appellant opines that a storage facility lien is not perfected unless the lien sale complies with every procedural requirement of the Act.  That puts the cart in front of the horse.  Section 21702 states that the owner of a self-service storage facility has a lien "upon all personal property located at the self-service storage facility for rent, labor, late payment fees, or other charges, present or future, incurred pursuant to the rental agreement . . . *or disposition of personal property subject to the provisions of this chapter.*"[3]  (Italics added.)  Witkin describes it as a possessory lien.  (13 Witkin, Summary of Cal. Law, *supra*, Personal Property, § 239, p. 237.)  Section 21712, subdivision (b) states that "the lien authorized by this chapter shall not attach, unless the rental agreement requests, and provides space for, the occupant to give the name and address of another person to whom the preliminary lien notice and subsequent notices required to be given under this chapter may be sent."  The "shall not attach" language presupposes an existing possessory lien and does not affect the statutory rights of the good faith purchaser "despite noncompliance by the owner of the storage facility with the requirements of" the Act.  (§ 21711.)

---

[3] Appellant argues that the lien did not attach because a 14-day preliminary notice was not mailed (§ 21703) and the lien sale was not advertised (§ 21707, subd. (a)).  That does not mean there was no possessory lien.

8

*Conversion*

Appellant argues that the good faith purchaser defense does not immunize respondent from a conversion claim. This is a restatement of the void-versus-voidable-title argument. An involuntary transfer (such as an out-and-out theft) results in void title, while a voluntary transfer, even if fraudulently induced, results in voidable title. (Cal. U. Com. Code, § 2403, subd. (1); *Suburban Motors, Inc. v. State Farm Mut. Auto Ins. Co.* (1990) 218 Cal.App.3d 1354, 1360-1361; *CRS Recovery, Inc. v. Laxton* (9th Cir. 2010) 600 F.3d 1138, 1145.) "[A] purchaser for value and without notice that his or her vendor's title to the property is *voidable*, such as where the vendor obtained the property by fraud, is not liable for conversion." (5 Witkin, Summary of Cal. Law, *supra*, Torts, § 828, p. 1133.) The same principle applies to the good faith purchaser at a storage facility lien sale.

The conversion cases cited by appellant predate the California Self-Service Storage Facility Act (Stats. 1981, ch. 439, § 1, p. 1677) and do not involve a self-service storage facility lien sale, a section 21711 good-faith-purchaser, or an extra-judicial lien sale. (*Newhart v. Pierce* (1967) 254 Cal.App.2d 783, 787-788 [conversion; buyer took more cattle than sales contract provided for and resold them]; *Shahood v. Cavin* (1957) 154 Cal.App.2d 745, 747 [conversion; defendant sold real property on plaintiff's behalf and absconded with the money]; *Culp v. Signal Van & Storage* (1956) 142 Cal.App.2d Supp. 859, 861 [conversion; innocent purchaser bought and resold juke boxes under a conditional sales contract].) The Legislature tailored section 21711 to provide that "[a] purchaser in good faith of goods sold to enforce a lien . . . on goods stored at a self-service storage facility

9

takes the goods *free of any rights of persons against whom the lien was claimed*." (Italics added.) The statute means what it says and bars appellant from suing the good faith purchaser for conversion.

*Judicial Estoppel*

Appellant's action is also barred by the doctrine of judicial estoppel which precludes a party from relying upon a theory in a legal proceeding inconsistent with one previously asserted. (See *Aguilar v. Lerner* (2004) 32 Cal.4th 974, 986-987.) In the first suit against the storage facility owner, appellant claimed the owner did not abide by the requirements of the Act. Appellant settled for $12,000 and dismissed the action with prejudice.

Now, appellant claims that the Act does not apply and that respondent is liable for conversion regardless of whether respondent was a good faith purchaser. "Judicial estoppel applies to a litigant who takes inconsistent positions in judicial proceedings even if the opposing parties in [the] proceedings are different." (*Pacific Merchant Shipping Assn. v. Board of Pilot Commissioners etc.* (2015) 242 Cal.App.4th 1043, 1055.) "'[J]udicial estoppel focuses on "the relationship between the litigant and the judicial system," and is designed "to protect the integrity of the judicial process." . . . The gravamen of judicial estoppel is not privity, reliance, or prejudice. Rather, it is the intentional assertion of an inconsistent position that perverts the judicial machinery.' [Citations.]" (*Jackson v. County of Los Angeles* (1997) 60 Cal.App.4th 171, 183.)

Appellant argues that judicial estoppel does not apply where the litigant's first position was taken as a result of mistake. (*Jackson v. County of Los Angeles*, *supra*, 60

10

Cal.App.4th at p. 183.)  There was no mistake.  Appellant sued the storage facility owner for conducting a $400 lien sale and secured a $12,000 settlement based on technical violations of the Act.  The doctrine of judicial estoppel precludes a litigant playing ""“fast and loose” with the courts'" by asserting inconsistent positions.  (*Thomas v. Gordon* (2000) 85 Cal.App.4th 113, 119.)  That is a fair description of what is going on here.

*Disposition*

The judgment is affirmed.  Respondent is awarded costs on appeal.

CERTIFIED FOR PUBLICATION.


YEGAN, J.


We concur:


GILBERT, P. J.


PERREN, J.


11

Charles S. Crandall, Judge

Superior Court County of San Luis Obispo

_____

Law Offices of Eddie H. Adams and Eddie Adams for Plaintiff and Appellant.

Barnick | Hodges and Whitney Northington Barnick and John F. Hodges for Defendant and Respondent.