Filed 5/28/20

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| DAVID HESTER, | |
| Plaintiff and Appellant, | G057335 |
| v. | (Super. Ct. No. 30-2017-00936828) |
| PUBLIC STORAGE, | O P I N I O N |
| Defendant and Respondent. | |

Appeal from a judgment of the Superior Court of Orange County, Melissa R. McCormick, Judge. Affirmed.

Law Offices of Dale Washington and Dale E. Washington for Plaintiff and Appellant.

Keker, Van Nest & Peters, Erin E. Meyer and Christopher S. Sun for Defendant and Respondent.

\* \* \*

For several years, plaintiff David Hester was a reality television star on "Storage Wars." He now finds himself at war with defendant Public Storage over the contents of a storage unit.

Plaintiff made the winning bid and purchased the contents of a self-storage unit at an auction held by defendant. Defendant learned it had mistakenly sold the goods about half an hour after the sale was complete. The unit's occupant had paid his past due rent weeks before the auction, but defendant's computer system incorrectly marked the unit for sale. Due to this error, defendant immediately rescinded the deal based on two documents plaintiff had signed that contained clauses allowing defendant to void the sale for any reason (the null and void clauses). Plaintiff claimed defendant's rescission was invalid and sued for breach of contract and conversion, among other claims. Defendant moved for summary adjudication on the contract and conversion claims on grounds it had properly voided the sale under the null and void clauses. The trial court granted defendant's motion.

Following entry of a stipulated judgment, plaintiff appeals, arguing summary adjudication was improper. Primarily, he contends the null and void clauses are invalid because (1) they are precluded by various statutes governing self-storage auction sales, and (2) he agreed to them under duress. We disagree. We also reject plaintiff's argument that defendant was required to file an unlawful detainer action to retake possession of the purchased goods after it rescinded the sale. For these reasons, we determine the trial court properly granted defendant's summary adjudication motion and affirm the judgment.

I

FACTS AND PROCEDURAL HISTORY

Self-service storage facilities (owners or sellers) rent storage space to individuals (occupants) for the purpose of storing personal property. (Bus. & Prof. Code,

2

§ 21701 subds. (a) & (c).) If an occupant fails to pay rent, an owner may sell the personal property contained within the occupant's storage unit through a lien sale. (Bus. & Prof. Code, §§ 21702-21707.)

Defendant owns and operates self-storage facilities throughout the country and conducts lien sales in California pursuant to the Self-Service Storage Facility Act (Bus. & Prof. Code, § 21700 et seq.; the Act). Plaintiff has made a living for the past 30 years buying the contents of storage units at lien sales and reselling the purchased items. He was featured on several seasons of the television show "Storage Wars," which documented the lives of several individuals that make a living in this manner. In his career, plaintiff has attended about 10,000 lien sales, about 20 percent to 25 percent of which were conducted by defendant.

Defendant held a lien sale at its facility in Fountain Valley in July 2017. As a condition to participate in the sale, plaintiff signed a Delinquent Tenant Sale Sign-in Sheet and Agreement (delinquent sale agreement) containing various rules and regulations, including, among others: (1) "[a]ll bidders must read these Rules and Regulations and fill out the Bidder's Sign-In Sheet below"; (2) "[a]t the time of purchase, Purchaser must complete a Certificate of Public Sale form . . ."; (3) defendant "reserves the right to null and void the auction and sale of any unit if, among other reasons, the District Manager verifies that the tenant has paid the outstanding balance in full while the auction was taking place"; and (4) "[a]ny violation of the above rules may result in bidders being barred from future sale at any Public Storage facility."

At the sale, defendant accepted plaintiff's offer to purchase the contents of a storage unit for $11,800. Plaintiff then placed two locks on the unit's door and paid for the unit with a credit card and cash. He also signed a Certification of Public Sale for the unit, which certified he had made the winning bid for the contents of the storage unit during competitive bidding. The certification also stated plaintiff "[understood] that

3

[defendant] reserve[d] the right to null and void the auction and sale of the unit for any reason."

About half an hour after plaintiff signed the certification, a senior district manager for defendant learned the unit had been mistakenly listed for sale due to a technical glitch. The unit's occupant had paid his past due balance weeks before the sale, but the system incorrectly listed the unit as delinquent and marked it to be sold. Defendant would not have sold the unit had it known of this mistake.

After discovering the error, the district manager immediately notified plaintiff that defendant was voiding his purchase of the unit. Defendant reversed the portion of the purchase price paid by credit card and attempted to refund the cash balance. Plaintiff refused to accept the sale's rescission and declined the refund. Defendant then cut plaintiff's locks off the unit and replaced them with its own locks. Defendant later sent plaintiff a letter explaining that it had voided his purchase of the unit and enclosed a refund of the cash balance and reimbursement for the cut locks.

Plaintiff filed this lawsuit in August 2017 based on the rescission of the sale, among other things. He then filed a first amended complaint in November 2017 asserting the following claims: (1) auctioneer misconduct; (2) conversion; (3) breach of contract; and (4) breach of the covenant of good faith and fair dealing. In June 2018, defendant moved for summary adjudication on the second, third, and fourth causes of action, all of which arose from defendant's allegedly wrongful rescission of the sale. The trial court granted the motion, finding defendant had properly voided the sale under the null and void clauses.

The parties subsequently settled the remaining claim and filed a stipulation for entry of judgment. On December 10, 2018, the trial court entered judgment in favor of defendant on the second, third, and fourth causes of action and dismissed with prejudice plaintiff's first cause of action for auctioneer misconduct. This appeal followed.

4

II

DISCUSSION

A.     *Standard of Review*

"Summary judgment . . . provide[s] courts with a mechanism to cut through the parties' pleadings in order to determine whether, despite their allegations, trial is in fact necessary to resolve their dispute." (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 843.)  "Summary judgment should be granted if no triable issue exists as to any material fact and the moving party is entitled to judgment as a matter of law. [Citation.]  The burden of persuasion is on the party moving for summary judgment. When the defendant is the moving party, the defendant must show the action has no merit.  That showing is made if the defendant either negates an element of the plaintiff's cause of action or establishes that a complete defense exists.  The burden then shifts to the plaintiff to show that a triable issue of material fact exists with respect to the cause of action or defense." (*Rostai v. Neste Enterprises* (2006) 138 Cal.App.4th 326, 330.)

"We review the trial court's decision de novo, considering all the evidence set forth in the moving and opposition papers except that to which objections were made and sustained." (*Johnson v. City of Loma Linda* (2000) 24 Cal.4th 61, 65-66.)  "In ruling on the motion, the court must consider all of the evidence and all of the inferences reasonably drawn therefrom, and must view such evidence and such inferences in the light most favorable to the opposing party." (*Caloroso v. Hathaway* (2004) 122 Cal.App.4th 922, 926.)


B.     *The Breach of Contract Claims*

On appeal, plaintiff argues the trial court erred for the following reasons. First, the null and void clauses are precluded by California Uniform Commercial Code section 2328 (section 2328) and Business and Professions Code section 21711.  Second, there is a triable issue of fact as to whether plaintiff agreed to the null and void clauses

5

under economic duress.  We agree with the trial court and find defendant properly voided the sale under the null and void clauses.[1]

### 1. Preclusion

#### a. section 2328

Plaintiff's primary argument is based on section 2328, which provides rules governing auction sales.  Before considering this argument, we first address defendant's contention in a footnote that this statute does not apply because plaintiff has not established the sale was an auction.  There is enough evidence in the record to dispel this argument.  The delinquent sale agreement and certification refer to the sale as an "auction," reference bids, and state the contents of the storage unit go to the winning bidder.  Given that we interpret the evidence in favor of plaintiff (*Caloroso v. Hathaway*, *supra*, 122 Cal.App.4th at p. 926), we find the lien sale was an auction for purposes of this appeal and address the merits of plaintiff's argument.

Section 2328 is comprised of four subdivisions.  Under this statute, an auction is complete once announced by the auctioneer, referred to as the "fall of the hammer."  (§ 2328, subd. (2).)  Plaintiff contends that after the hammer falls, a binding sales contract is created between the bidder and seller.  He asserts the exclusive grounds for undoing this contract are in subdivisions (2) through (4) of section 2328.  The null and void clauses are precluded, he argues, because they improperly add additional grounds for undoing a completed sale.  Plaintiff misreads the statute.

"The fundamental objective of statutory interpretation is to determine the Legislature's intent."  (*County of San Bernardino v. Cohen* (2015) 242 Cal.App.4th 803, 816.)  The Legislature's focus in section 2328 is limited to the auction process itself, i.e., the process of selling and bidding on goods.  This is clear from the text of the statute.

---

[1] Because we reach this conclusion, we do not address defendant's argument that the sale was properly rescinded under the mutual mistake doctrine.

Subdivision (1), which is irrelevant to this appeal, governs the sale of goods put up in lots. (§ 2328, subd. (1).) Subdivision (2) gives an auctioneer discretion to reopen bidding when a bid is made while "the hammer is falling." (§ 2328, subd. (2).) Subdivision (3) establishes rules for selling a good with or without reserve, withdrawing goods from sale, and retracting bids. (§ 2328, subd. (3).) Finally, subdivision (4) prevents sellers from secretly bidding on their own goods to inflate prices. If such bidding occurs, a buyer may void the sale or pay the price of the last good faith bid. (§ 2328, subd. (4); *Nevada National Leasing Co. v. Hereford* (1984) 36 Cal.3d 146, 148-149.)

Contrary to plaintiff's assertion, nothing in section 2328 shows any intent by the Legislature to establish the grounds for voiding a completed sale, let alone the exclusive grounds. The only subdivision that even mentions voiding a completed sale is subdivision (4), which allows a buyer to void a sale due to improper bidding by the seller. But the focus of subdivision (4) is on integrity in the auction process, not the grounds for voiding a sale. Allowing a buyer to void the sale is only a remedy to address seller impropriety during the auction. Nothing in the text of the statute reasonably supports plaintiff's interpretation. If the Legislature had intended for this statute to establish the entire means for a buyer and seller to void a completed auction sale, it would have said so. "'The Legislature "does not, one might say, hide elephants in mouseholes."'" (*Jones v. Lodge at Torrey Pines Partnership* (2008) 42 Cal.4th 1158, 1171.)

Further, even if this intent could somehow be read into section 2328, nothing in the statute's text bars the parties from agreeing to additional grounds for

7

voiding a completed sale. (Cal. U. Com. Code, § 1302, subd. (a) ["Except as otherwise provided . . . the effect of provisions of this code may be varied by agreement"].)[2]

### b. Business and Professions Code section 21711

The Act contains various rules governing self-storage facilities, including lien sale procedure. With regard to lien sales, Business and Professions Code section 21711 states "[a] purchaser in good faith of goods sold to enforce a lien . . . takes the goods free of any rights of [the occupants] against whom the lien was claimed, despite noncompliance by the owner of the storage facility with the requirements of this chapter." Plaintiff contends this statute places the risk of an erroneous sale on defendant, the owner. The null and void clauses, he asserts, violate the statute by allowing defendant to improperly shift the risk onto himself, the buyer.

Plaintiff reads too much into Business and Professions Code section 21711. It regulates the relationship between a buyer and the occupant whose property was sold, not the buyer and the owner of the storage facility. The language on which plaintiff relies only clarifies that an occupant has no claim against a good faith buyer even if the owner did not comply with the Act. It does not apportion any risk of an erroneous sale between a buyer and an owner. Further, plaintiff's reading of the statute would effectively mean an owner could never void an erroneous sale regardless of how soon the error was discovered. A voided sale would create liability to the buyer, while failure to rescind the sale would invite a lawsuit from the occupant whose personal property was erroneously sold. None of the language in this statute shows any intent by the Legislature to constrict an owner in such a manner. Again, if the Legislature had intended this statute to have

---

[2] Neither party cited California Uniform Commercial Code section 1302 in their initial briefs. Thus, we requested supplemental briefing as to what consideration should be given to this statute. (Gov. Code, § 68081.) Both parties submitted supplemental letter briefs in response.

such a sweeping effect, it would have said so.  (*Jones v. Lodge at Torrey Pines Partnership*, *supra*, 42 Cal.4th at p. 1171.)

In support of his interpretation, plaintiff cites *Nist v. Hall* (2018) 24 Cal.App.5th 40 (*Nist*).  He argues the null and void clauses chill bidder participation, which violates the purpose of Business and Professions Code section 21711.  (See *Nist*, at pp. 45-46.)  *Nist* does not support plaintiff's argument.

In *Nist*, an occupant whose property had been erroneously sold brought a conversion claim against the buyer.  (*Nist*, *supra*, 24 Cal.App.5th at pp. 43-44.)  The occupant argued Business and Professions Code section 21711 did not apply to his claims because he did not have a written rental agreement for the unit, as required by the Act.  The occupant argued the written agreement requirement trumped the immunity granted buyers in Business and Professions Code section 21711.  *Nist* rejected this argument.  (*Nist*, at p. 45.)  Absent the immunity, "few if any bidders would attend lien sales or risk liability due to a technical compliance with the Act . . . .  [The occupant's] construction of the Act would literally defeat the legislative purpose of providing *storage owners* an effective remedy against defaulting customers."  (*Id*. at pp. 45-46, italics added.)

*Nist* is inapplicable here.  It involved a lawsuit filed by an occupant against a buyer, the very subject of Business and Professions Code section 21711.  Its discussion regarding the chilling effect is limited to this specific context.  Further, *Nist* was concerned with reduced bidder participation because it would impair an owner's ability to conduct lien sales.  If bidders stopped attending lien sales due to the threat of occupant lawsuits, owners would be deprived of their remedy under the Act.  (*Nist*, *supra*, 24 Cal.App.5th at pp. 45-46.)  Plaintiff's argument misconstrues *Nist* by focusing solely on reduced bidder turnout.  The argument fails to appreciate that *Nist's* true concern was impairing an owner's rights to conduct lien sales under the Act.  (*Ibid*.)  This concern is not present here, since it is the owner requiring the null and void clauses.  Defendant does not need to be protected from its own contract provisions.  And in fact, it is far likelier

9

that plaintiff's proposed interpretation would deprive owners of their ability to conduct lien sales. As discussed above, under plaintiff's interpretation, an owner could not void an erroneous sale without exposing itself to liability.

### c. improper waiver under the Civil Code

Plaintiff also appears to contend the null and void clauses constitute an improper waiver of the rights established in section 2328 and Business and Professions Code section 21711. He argues, based on Civil Code sections 1812.609 and 3513, that these rights cannot be waived by contract. We reject this argument. The null and void clauses do not compel plaintiff to waive any of his rights under section 2328 or Business and Professions Code section 21711. As explained above, the null and void clauses do not affect any of the rights contained in these statutes. Section 2328 pertains to the auction process. Business and Professions Code section 21711 establishes immunity for good faith buyers against occupant lawsuits. In contrast, the null and void clauses relate to postsale conduct by a seller in relation to a buyer.

### d. exercising the null and void clauses

Plaintiff only contests the facial validity of the null and void clauses. He does not dispute defendant's contention that it properly exercised the clauses if they are found to be valid. Nonetheless, we address defendant's contention and find it to be supported by the record. Less than an hour after the sale's completion, defendant determined it had mistakenly sold the contents of the unit, rescinded the sale, and attempted to fully refund plaintiff's money. This all occurred before plaintiff even began to remove any goods from the unit. Given these facts, defendant timely exercised the null and void clauses in good faith. As such, its rescission of the sale is not a breach of contract or of the implied covenant of good faith and fair dealing.

10

However, this opinion should not be read as tacit approval of all null and void clauses that a storage facility owner may require bidders to accept. Similar clauses, or an owner's exercise of such a clause, may be invalid for reasons not contemplated herein. This opinion only finds that such clauses are not facially invalid based on section 2328 or Business and Professions Code section 21711, as argued by plaintiff, and that defendant properly exercised the clauses in this case.

### 2. *Economic duress*

Next, plaintiff argues he consented to the null and void clauses under threat of economic loss. Refusal to accept the clauses would effectively bar him from participating in defendant's lien sales, which, he asserts, would cause him to lose 25 percent of his income. He contends there is a triable issue of fact as to whether the threat of this loss constitutes economic duress. We find no triable issue of fact exists.

"The underlying concern of the economic duress doctrine is the enforcement in the marketplace of certain minimal standards of business ethics. Hard bargaining, 'efficient' breaches and reasonable settlements of good faith disputes are all acceptable, even desirable, in our economic system." (*Rich & Whillock, Inc. v. Ashton Development, Inc.* (1984) 157 Cal.App.3d 1154, 1159.) But, the system disdains "the wrongful exploitation of business exigencies to obtain disproportionate exchanges of value. . . . The economic duress doctrine serves as a last resort to correct these aberrations when conventional alternatives and remedies are unavailing." (*Ibid*.)

Economic duress requires an unlawful or "wrongful act which is sufficiently coercive to cause a reasonably prudent person faced with no reasonable alternative to succumb to the perpetrator's pressure." (*Rich & Whillock, Inc. v. Ashton Development, Inc.*, *supra*, 157 Cal.App.3d at p. 1158.) "Examples of such 'wrongful acts' include '[t]he assertion of a claim known to be false or a bad faith threat to breach a contract or to withhold a payment . . . .'" (*Myerchin v. Family Benefits, Inc.* (2008) 162

11

Cal.App.4th 1526, 1539, disapproved on other grounds by *Village Northridge Homeowners Assn. v. State Farm Fire & Casualty Co.* (2010) 50 Cal.4th 913, 929, fn. 6.)

Nothing in the record shows defendant did anything akin to a wrongful act. All participants must agree to the null and void clauses to participate in defendant's lien sales. The clauses are not unlawful under any of the statutes cited by plaintiff. And there is no evidence that defendant created this requirement for any coercive purpose or in bad faith or is exercising these clauses in such a manner. Instead, the record suggests the null and void clauses serve a practical business function. They allow defendant to avoid mistakenly selling its occupants' possessions. For example, the delinquent sale agreement states defendant may void the sale if it "'verifies that the tenant has paid the outstanding balance in full while the auction was taking place.'" Similarly, here, defendant rescinded the sale soon after it learned the occupant had paid his past-due balance and the unit had been sold by error.

Plaintiff also appears to contend that it is wrongful for defendant to bar him from a public sale if he refuses to agree to the null and void clauses. However, "[a]bsent a legal provision to the contrary, a private party generally may choose to do or not to do business with whomever it pleases." (*Drum v. San Fernando Valley Bar Assn.* (2010) 182 Cal.App.4th 247, 254.) Plaintiff has not established an unqualified right to attend defendant's lien sales. While he cites *In re Wallace* (1970) 3 Cal.3d 289, for the proposition that he has the right to attend public events, this case is unpersuasive. Its analysis is limited to whether a specific petitioner's conviction of trespass under Penal Code section 602 was supported by sufficient evidence. (*Wallace*, at p. 293.) This has no bearing on the issues here.

Further, plaintiff has not established that he lacks a reasonable alternative to accepting the null and void clauses. His assertion that he will lose 25 percent of his income is unsupported by the record. The record only establishes that 20 percent to 25 percent of the lien sales plaintiff attends are conducted by defendant. It does not

12

necessarily follow that defendant's sales represent 25 percent of all of plaintiff's buying opportunities, much less 25 percent of his income. And even if this is true, if plaintiff does not like the terms of defendant's sales, he could presumably make up for these lost buying opportunities elsewhere. Among other things, he could attend lien sales held by other self-storage facilities or purchase goods from other sources to resell. Plaintiff has not explained why these options are not reasonable alternatives.

### 3. Illusory provisions

Throughout his brief, plaintiff refers to defendant's unqualified right to void the sale as illusory. We decline to consider this argument. Plaintiff did not raise this issue with the trial court. (*Pratt v. Union Pacific Railroad Co.* (2008) 168 Cal.App.4th 165, 174.) Also, this argument is not stated under a separate heading and is not sufficiently developed.[3] (*T.P. v. T.W.* (2011) 191 Cal.App.4th 1428, 1440, fn. 12.)

### C.    The Conversion Claim

The trial court properly granted summary adjudication of plaintiff's conversion claim. "'Conversion is the wrongful exercise of dominion over the property of another. The elements of a conversion claim are:  (1) the plaintiff's ownership or right to possession of the property; (2) the defendant's conversion by a wrongful act or disposition of property rights; and (3) damages.'" (*Hernandez v. Lopez* (2009) 180 Cal.App.4th 932, 939-940.)

---

[3]  While we do not consider the merits of this argument, we note that such clauses are not facially invalid. "[W]hen a party is given absolute discretion by express contract language, the courts will imply a covenant of good faith and fair dealing to limit that discretion in order to create a binding contract and avoid a finding that the promise is illusory." (*Storek & Storek, Inc. v. Citicorp Real Estate, Inc.* (2002) 100 Cal.App.4th 44, 57.)

13

As set forth above, defendant timely determined the sale was erroneous and rescinded the sale under the null and void clauses. This action completely extinguished the sale, "rendering it void *ab initio*, as if it never existed." (*DuBeck v. California Physicians' Service* (2015) 234 Cal.App.4th 1254, 1264.) Under these circumstances, plaintiff cannot establish ownership or a right to possess the contents of the storage unit.

D.    *Unlawful Detainer*

Finally, plaintiff appears to contend that defendant was required to use the unlawful detainer process (Code Civ. Proc., § 1161 et seq.) to retake the contents of the storage unit. The relevance of this argument is unclear. Plaintiff does not explain how defendant's failure to initiate unlawful detainer proceedings has any bearing on defendant's right to void the sale. We are "not required to examine undeveloped claims or make [plaintiff's] arguments for [him]." (*Berkley v. Dowds* (2007) 152 Cal.App.4th 518, 527.)

We also reject this contention on its merits. Unlawful detainer statutes provide a "'summary procedure for regaining possession of *real property* wrongfully withheld by a tenant.'" (*Deal v. Municipal Court* (1984) 157 Cal.App.3d 991, 995, italics added; see Code Civ. Proc., § 1161 [specifying unlawful detainer applies to "[a] tenant of real property"].) Plaintiff purchased the *contents* of the unit at the lien sale, not an interest in the unit itself. (See Bus. & Prof. Code, §§ 21702, 21705, 21707 & 21711.) Since he had no interest in any real property, unlawful detainer procedures do not apply.

14

### III

### DISPOSITION

The judgment is affirmed.  Defendant is entitled to its costs on appeal.


MOORE, ACTING P. J.

WE CONCUR:


ARONSON, J.


FYBEL, J.